1  Gregory N. Karasik SBN 115834
   greg@spiromoss.com
2  Spiro Moss LLP
   11377 W. Olympic Blvd., Fifth Floor
3  Los Angeles, CA 90064
   Telephone: (310) 235-2468
4  Facsimile (310) 235-2456

5  Attorneys for Plaintiff
   MICHAEL BATEMAN

6

7

8              UNITED  STATES DISTRICT COURT

9             CENTRAL  DISTRICT OF CALIFORNIA

10

11  MICHAEL BATEMAN, individually    )  Case No. CV 07 - 00171 JHN-AJWx
    and on behalf of all others similarly )
12  situated,                        )  **CLASS ACTION**
                                      )
13              Plaintiffs           )  **SUPPLEMENTAL MEMORANDUM**
                                      )  **IN SUPPORT OF PLAINTIFF'S**
14                                    )  **MOTION FOR PRELIMINARY**
         v.                           )  **APPROVAL OF CLASS ACTION**
15                                    )  **SETTLEMENT**
    AMERICAN MULTI-CINEMA, INC.;      )
16  and DOES 1-10,                    )
                                      )
17              Defendants.           )  Date: March 21, 2011
                                      )  Time: 2:00 p.m.
18                                    )  Ctrm: 790 (Roybal)
                                      )
19  _____ )

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MATERIAL TERMS OF THE AMENDED SETTLEMENT . . . . . . . . . . . . . . . 1

CHANGES TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   THE AMENDED SETTLEMENT MERITS PRELIMINARY
     APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.   Plaintiff's Claims Merit Class Action Treatment . . . . . . . . . . . . . . . 5

     B.   The Settlement is Fair, Reasonable and Adequate . . . . . . . . . . . . . . 6

II.  THE COURT SHOULD SCHEDULE A FINAL
     FAIRNESS HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

# TABLE OF AUTHORITIES

## CASES

Armstrong v. Board of School Directors of the City of Milwaukee
   (6th Cir. 1980) 616 F.2d 305  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bateman v. American Multi-Cinema, Inc.
   (9th Cir. 2010) 623 F.3d 708  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

In re Lifelock, Inc. Marketing and Sales Practice Litigation
   (D. Ariz. 2010) 2010 WL 3715138 . . . . . . . . . . . . . . . . . . . . . . . . . . 3

In re Mercury Interactive Corp. Securities Litigation
   (9th Cir. 2010) 618 F.3d 988  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

In re Static Random Access Memory Antitrust Litigation
   (N.D. Cal. 2009) 264 F.R.D. 603  . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Tableware Antitrust Litigation
   (N.D. Cal. 2007) 241 F.R.D. 644  . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Officers for Justice v. Civil Service Commission of City and County of San Francisco
   (9th Cir. 1982) 688 F.2d 615  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Staton v. Boeing Co.
   (9th Cir. 2003) 327 F.3d 938  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## RULES

Local Rules
   Rule 6-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   Rule 7-9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rules of Civil Procedure
   Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
   Rule 23(e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7
   Rule 23(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## OTHER AUTHORITIES

Manual for Complex Litigation
   Section 1.46, (West 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**INTRODUCTION**

Plaintiff Michael Bateman ("Plaintiff") brought a class action lawsuit to recover statutory damages Plaintiff contends are owed to thousands of consumers because defendant American Multi-Cinema, Inc. ("AMC") willfully failed to comply with the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA prohibits a merchant from printing more than the last five digits of a credit or debit card number on an electronically printed receipt provided to a consumer at the point of sale or transaction. Following the precedent setting decision in this case of *Bateman v. American Multi-Cinema, Inc.* (9th Cir. 2010) 623 F.3d 708, in which the Ninth Circuit reversed the legally erroneous denial of Plaintiff's motion for class certification, the parties reached agreement on the terms of a class action settlement.

On February 7, 2011, the Court held a hearing on Plaintiff's motion for preliminary approval of the parties' settlement. At that hearing, the Court expressed concerns over various provisions of the settlement and denied Plaintiff's motion without prejudice. The parties thereafter went back to the negotiating table and, after further arms length settlement discussions, reached a new settlement agreement (the "Amended Settlement"). Below, Plaintiff sets forth the material terms of the Amended Settlement, discusses how the Amended Settlement differs from the original settlement, and explains why the Amended Settlement merits preliminary approval under Rule 23(e) of the Federal Rules of Civil Procedure.

**MATERIAL TERMS OF THE AMENDED SETTLEMENT**

- The settlement class includes all individuals in the United States of America who, between December 4, 2006 and January 29, 2007, used a credit card or debit card to purchase a movie ticket from AMC and were provided at the point of the sale with an electronically-printed receipt on which was printed the first four and the last four digits of the person's credit card or debit card number.
- AMC will distribute a total of 282,314 Voucher Packets, beginning with class members who submit claims and then, following the claims process, to AMC

customers who purchase tickets from an ABO at one of the former Loews Theatres operated by AMC (the "Class Theatres"). Each Voucher Packet shall consist of four vouchers for a small popcorn which can be exchanged for a small popcorn at any AMC theater and are freely transferable. The current retail value of each voucher packet is currently $23.00 ($5.75 for each voucher) which makes the current cumulative value of the settlement $6,493,222.

- Notice to class members of their rights under the settlement will be provided in the following ways: 1) posting of a summary notice at AMC theaters in the same metropolitan areas as the Class Theatres; 2) a detailed notice on a dedicated internet website (the "Settlement Website"); and 3) a notice on the homepage of AMC's website with a link to the Settlement Website. AMC will bear all the costs of notice.

- AMC will pay to Plaintiff's counsel whatever amount of costs and attorney's fees is determined to be reasonable by the Court upon application by Plaintiff. AMC has the right to oppose Plaintiff's application for costs and fees and the right to appeal from the Court's ruling.

- AMC will not oppose a request by Plaintiff for an incentive payment of up to $7,500.

## **CHANGES TO THE SETTLEMENT**

In light of the concerns expressed by the Court at the hearing on February 7, 2011, the parties agreed to incorporate into the Amended Settlement the following modifications to the initial settlement.

Claims Process for Class Members Prior to Distribution of Vouchers

Under the Amended Settlement, class members have the right to submit claims to receive voucher packets prior to the distribution of voucher packets to class members and AMC patrons who purchase tickets at AMC theaters. This modification ameliorates the Court's concerns about the randomness of the distribution process without a claims procedure under the parties' initial settlement.

1    Now, there is no longer any possibility of non-class members depriving class
2 members an opportunity to receive voucher packets by beating them to an AMC
3 theater.  Under the Amended Settlement, all class members, and only class members,
4 will have the right to make a claim for voucher packets before any of the unclaimed
5 voucher packets are distributed at AMC theaters.

6 Longer Time Period For Posting Of Class Notice

7    The parties' initial settlement provided that a summary class notice would be
8 posted at AMC theaters for a period of 14 days and a notice containing a link to the
9 Settlement Website would posted on the AMC website for a period of 30 days.
10 Under the Amended Settlement, the posting period for both notice at AMC theaters
11 and on AMC's website has been enlarged to 45 days.  (Under both the initial
12 settlement and Amended Settlement, notice will continue to be posted on the
13 dedicated Settlement Website through the date the settlement becomes final).
14 Enlargement of the time period for posting class notice at AMC theaters and on
15 AMC's website ameliorates the Court's concerns about the length of the notice period.

16 Longer Time Period For Notice Of And Right To Object To Fee Application

17    At the hearing on February 7, the Court expressed a concern, based on *In re*
18 *Mercury Interactive Corp. Securities Litigation* (9th Cir. 2010) 618 F.3d 988, about
19 giving class members sufficient notice of and opportunity to object to Plaintiff's
20 application for an award of fees and costs.  Because any fees and costs awarded to
21 Plaintiff in this case will have no effect on the amount of voucher packets distributed
22 to class members and other AMC patrons, Plaintiff maintains that *Mercury*
23 *Interactive* has no bearing on the fee application to be submitted by Plaintiff under
24 the Amended Settlement.  *See*, *In re Lifelock, Inc. Marketing and Sales Practice*
25 *Litigation* (D. Ariz. 2010) 2010 WL 3715138, at *9 (*Mercury Interactive* inapposite
26 where fee award had no effect on the settlement benefits available to class members).
27 However, the parties have nevertheless agreed to extend the period for class members
28 to make objections to Plaintiff's fee application.

1   The parties' initial settlement provided that Plaintiff's fee application would be
2   made (and posted on the website of Plaintiff's counsel) at least 28 days before the
3   final fairness hearing and class members would have until 21 days before the final
4   fairness hearings to make objections to the fee application.  The parties' initial
5   settlement thereby gave class  members at least 7 days to make objections, which is
6   the same amount of time a party has to oppose a motion under Local Rules 6-1 (which
7   requires a motion to be filed 28 days in advance of the hearing) and 7-9 (which
8   requires opposition papers to be filed 21 days in advance of the hearing).  Under the
9   Amended Settlement, Plaintiff is now required to file (and post on the website of
10  Plaintiff's counsel) his fee application at least 35 days before the final fairness
11  hearing, which gives class  members (and AMC) at least 14 days to file opposition
12  papers.  Especially since *Mercury Interactive*, under the circumstances of this case,
13  does not require that any notice of Plaintiff's fee application be given separate and
14  apart from the general class notice, giving class members at least two weeks to object
15  to the application clearly comports with the requirements of Rule 23(h) that notice of
16  a motion for a fee award be "directed to class members in a reasonable manner."
17  Font Size
18      At the hearing on February 7, the Court expressed a concern about the size of
19  the font for the summary notice to be posted at AMC theaters.  Under the Amended
20  Settlement, this notice is required to written in a Roman font no smaller than 12
21  points.  The summary notice will thus be written in a font size much larger than the
22  font size typically seen in class notices published in newspapers or other publications.
23  Summary
24      All of the modifications to the initial settlement inure to the benefit of class
25  members without any negative trade offs.  Most importantly, AMC is required under
26  the Amended Settlement to distribute the same number of voucher packets as required
27  under the initial settlement.  In light the claims process and expanded notice periods,
28  the Amended Settlement is clearly superior to the initial settlement.

**ARGUMENT**

I. **THE AMENDED SETTLEMENT MERITS PRELIMINARY APPROVAL**

A. <u>**Plaintiff's Claims Merit Class Action Treatment**</u>

For all the reasons set forth in Plaintiff's initial motion papers, the Amended Settlement comports with all the requirements for class certification under Rule 23(a) -- numerosity, commonality, typicality and adequate representation -- as well as the requirements for class certification under Rule 23(b)(3) -- predominance and superiority.  Generally, the requirements under Rule 23 for certifying a settlement class are deemed less stringent than the requirements a party needs to establish in the context of a contested motion for class certification, and AMC does not dispute the propriety of class certification for the purposes of settlement.

Despite the parties' agreement that a settlement class should be certified, the Court expressed a concern at the February 7 hearing regarding the existence of an ascertainable class.  Although Rule 23 does not expressly require an "ascertainable class," some courts have found this to be an implicit requirement for class certification under Rule 23.  Whether or not required for certification of a settlement class under Rule 23, an ascertainable class exists in this case because the settlement class is defined in terms of objective characteristics that makes class membership verifiable by class members themselves.  In a consumer class action like this one, that is all that is required for an ascertainable class.  *See, e.g., In re Tableware Antitrust Litigation* (N.D. Cal. 2007) 241 F.R.D. 644, 651 (ascertainable class where consumers could determine by reading class definition whether or not they were included in the class); *In re Static Random Access Memory Antitrust Litigation* (N.D. Cal. 2009) 264 F.R.D. 603, 608 (class ascertainable where class members can identify themselves).  Here, consumers who read the class notice can determine for themselves, simply by reading the class definition, whether or not they are members of the settlement class.

## B. The Settlement is Fair, Reasonable and Adequate

For all the reasons set forth in Plaintiff's initial motion papers, the Amended Settlement is fair, reasonable and adequate.  Indeed, in light of the modifications made to the initial settlement, the Amended Settlement, which is far superior to the initial settlement, clearly meets the requirements for preliminary approval.  At this initial stage of the approval process, the Court need only determine  "whether the proposed settlement is 'within the range of possible approval.'  This hearing is not a fairness hearing; its purpose, rather is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Armstrong v. Board of School Directors of the City of Milwaukee* (6th Cir. 1980) 616 F.2d 305, 314 [quoting Manual for Complex Litigation Section 1.46, at 53- 55 (West 1977)].  The Amended Settlement falls well within the range of settlements that would satisfy the "fair, reasonable, and adequate" standard under Rule 23(e) that must be satisfied for final approval at the final fairness hearing.

In this regard, Plaintiff is not required to establish that the Amended Settlement is perfect or results in the best outcome possible for class members.  Due to the impossibility of predicting any litigation result with certainty, a district court's evaluation of a settlement essentially amounts to "nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice v. Civil Service Commission of City and County of San Francisco* (9th Cir. 1982) 688 F.2d 615, 625 [citation omitted].  The ultimate touchstone is whether "class counsel adequately pursued the interests of the class as a whole." *Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 961.

Here, there can be no dispute that Plaintiff's counsel has done so.  In light of the long litigation history of this case, the precedential Ninth Circuit decision obtained by Plaintiff's counsel overturning the Court's erroneous denial of class certification, and the sizeable amount of settlement benefits obtained on behalf of class members and other AMC patrons, it simply cannot be disputed that Plaintiff's

1  counsel pursued, and through the Amended Settlement achieved, a result that

2  provides class members with substantial benefits and holds AMC accountable for its

3  allegedly willful violation of FACTA.  Review under Rule 23(e) "must be limited to

4  the extent necessary to reach a reasoned judgment that the agreement is not the

5  product of fraud or overreaching by, or collusion between, the negotiating parties."

6  *Officers for Justice*, 688 F.2d at 625.  This Court has ample grounds for concluding

7  that the Amended Settlement merits preliminary approval.

8  **II.     THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING**

9          Based on the timetables set forth in the Amended Settlement for giving notice

10  to class members (within 10 days after preliminary approval), submitting claims

11  (within 60 days after preliminary approval), submitting requests for exclusion from

12  the settlement (within 60 days after preliminary approval), submitting general

13  objections to the settlement (no later than 60 days after preliminary approval),

14  submitting Plaintiff's application for an award of costs and fees (at least 35 days

15  before the final fairness hearing), and submitting objections to the application of

16  Plaintiff for an award of costs and attorney's fees (no later than 21 days before the

17  final fairness hearing), Plaintiff requests that the final fairness hearing in this case be

18  scheduled for approximately 120 days after preliminary approval, in either late July

19  2011 or early August 2011.

20

21  Dated: March 4, 2011                          SPIRO MOSS LLP

22

23                                        by      /s/ Gregory N. Karasik
                                                  Gregory N. Karasik

24

25                                                Attorneys for Plaintiff
                                                  MICHAEL BATEMAN

26

27

28