UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATEMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN MULTI-CINEMA, INC. and DOES 1–10,<br><br>    Defendants. | Case No. 2:07-cv-00171-JHN-AJWx<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:         March 21, 2011<br>Time:        2:00 p.m.<br>Courtroom: 790 |

On March 21, 2011, the second hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement was held before the Court in Courtroom 790 of the Central District Court, located at 255 East Temple Street, Los Angeles, California 90012. Gregory N. Karasik of Spiro Moss LLP appeared as Class Counsel for and on behalf of Plaintiff and the putative Class. Joseph E. Laska, III of Manatt Phelps and Phillips appeared on behalf of Defendant American Multi-Cinema, Inc. ("AMC").

The Court considered Plaintiff's Motion, filed on January 6, 2011, Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion, filed on that same date, counsel's comments at the hearing held on February 7, 2011, Plaintiff's Supplemental Memorandum in Support of Plaintiff's Motion, filed on March 4, 2011, and the Amended Stipulated Settlement Agreement and Release ("Amended Settlement")[1] and proposed notices and claim form as attached to the Amended Settlement, filed on March 2, 2011. The Court also balanced a number of factors relevant to Plaintiff's claims, including the strength of Plaintiff's allegations; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of counsel.

Having considered the Amended Settlement, and all the supporting legal authorities and documents,

**IT IS HEREBY ORDERED THAT:**

1. The Action is preliminarily certified as a class action, for purposes of settlement only, on behalf of all individuals in the United States of America who, between December 4, 2006, and January 29, 2007, used a credit card or debit card

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Amended Settlement.

1 to purchase a movie ticket from AMC and were provided at the point of sale with
2 an electronically printed receipt on which was printed the first four and the last
3 four digits of the person's credit card or debit card number.

4     2. With respect to the Settlement Class, the Court finds, solely for
5 purposes of the settlement, and with no other effect on this litigation, including if
6 the Amended Settlement ultimately is not approved or final judgment is not
7 entered, that the proposed class meets the requirements of certification under Rule
8 23 of the Federal Rules of Civil Procedure in that: (a) the Settlement Class is
9 ascertainable; (b) the Settlement Class is so numerous that joinder of all Class
10 Members is impracticable; (c) there are questions of law and fact common to the
11 Settlement Class that predominate over any individual questions; (d) the
12 representative Plaintiff's claims are typical of those of the Settlement Class;
13 (e) Plaintiff and Class Counsel have fairly, adequately, reasonably, and
14 competently represented and protected the interests of the Settlement Class
15 throughout the litigation; and (f) a class action is superior to other methods for the
16 fair and efficient adjudication of this action.

17     3. The class action settlement set forth in the Amended Settlement is
18 preliminarily approved as of the date of hearing, March 21, 2011, as it appears to
19 be fundamentally fair, adequate, and within the range of reasonableness. *See* Fed.
20 R. Civ. P. 23(e); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963–64 (9th Cir.
21 2009). The Court finds the Amended Settlement to be presumptively valid, subject
22 only to any objections that may be raised at the Final Fairness Hearing.

23     4. For purposes of the proposed settlement, the Court hereby appoints
24 Gregory N. Karasik of the law firm Spiro Moss LLP as Class Counsel for the
25 Settlement Class.

26     5. The Court hereby appoints Plaintiff Michael Bateman as class
27 representative for the Settlement Class.

28

6. The Court approves, as to form and content, the proposed Summary Notice (Exhibit A to this Order), Settlement Website Notice (Exhibit B to this Order), AMC Website Notice (Exhibit C to this Order), and Claim Form (Exhibit D to this Order) with the following changes.

    a. In the third paragraph from the end of Exhibit A, the Summary Notice, "[Opt-Out Deadline]" is to be changed to "[Objection Deadline]" or "July 2, 2011."

    b. The following changes are to be made to Exhibit B, the Settlement Website Notice.

- The following language is to be added to the section headed "How Will the Lawyers Be Paid?": "Class Counsel's application for attorneys' fees and costs will be filed with the Court and posted on Class Counsel's website ([provide the correct web address]) by no later than **June 27, 2011**."
- In the section headed "How Do I Tell the Court That I Don't Like the Settlement or the Attorneys' Fees?" "[Opt-Out Deadline]" is to be changed to "[Objection Deadline]" or "July 2, 2011."
- In the section headed "May I Speak at the Hearing?" "[Opt-Out Deadline]" is to be changed to "[Objection Deadline]" or "July 2, 2011."
- In the section headed "Are There More Details About the Settlement?" the reference to the Settlement Website is to be changed to a hyperlink to the Amended Settlement document, to reflect the fact that this language is contained within the Settlement Website Notice.
- In the section headed "How Do I Get More Information?" the reference to the Settlement Website is to be similarly changed or omitted for the reason stated above.

3

1       7.    The Court directs that notice be given to members of the Settlement Class as provided in the Amended Settlement.  The Court finds that the method of notice meets the requirements of due process, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

      8.    Pending the Court's final approval of the Amended Settlement, all proceedings in this action, except those related to approval of the Amended Settlement, are stayed.

      9.    The Court hereby establishes the deadline for members of the Settlement Class to submit claims as set forth in the Amended Settlement.

      10.    The Court hereby establishes the procedures for members of the Settlement Class to opt out of or submit objections to the Amended Settlement as set forth in the Amended Settlement.  The following deadlines apply. Written requests for exclusion (opt-out requests) must be postmarked by **May 20, 2011**. Written objections to the Amended Settlement must be postmarked by **July 2, 2011**.

      11.    Members of the Settlement Class who object to the Amended Settlement are not required to appear at the Fairness Hearing.  However, persons wishing to be heard orally in opposition to the approval of the Amended Settlement are required to notify the Court, Class Counsel, and Defense Counsel in writing, postmarked by **July 2, 2011**, as to their intention to appear at the hearing.  Persons who intend to object to the Amended Settlement and desire to present evidence at the Fairness Hearing must include in their written notice the identity of any person from whom they may obtain a declaration and exhibits they intend to introduce into evidence at the Fairness Hearing.

      12.    Class Counsel shall file its application for attorneys' fees and costs by no later than **June 27, 2011**.  Defendant may file its opposition, if any, by no later than **July 5, 2011**.  Members of the Settlement Class may object in writing to Class

4

1 | Counsel's application for attorneys' fees by mailing the written objection to the
2 | Court, Class Counsel, and Defense Counsel, postmarked by **July 11, 2011**.
3 |   13. The Final Fairness Hearing will be held on **August 1, 2011, at 10:00**
4 | **a.m.**
5 |   14. Plaintiff shall file a Motion for Final Approval, and the parties may
6 | file supplemental briefs regarding proof of mailing, objections, and any related or
7 | outstanding issues, by no later than **July 18, 2011**.

**IT IS SO ORDERED.**

DATED:  March 22, 2011

                _____
                Honorable Jacqueline H. Nguyen
                United States District Judge

**COURT EXHIBIT A**

**If you used a credit or debit card at an AMC theatre between December 4, 2006 and January 29, 2007, you may be entitled to benefits as part of a class action settlement. Please read this notice carefully. It may affect your rights.**

### IN THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*Bateman v. American Multi-Cinema, Inc.,* Case No. CV07-171 JHN (AJWx)

### SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**What's This About and Who's Included?**

A settlement has been proposed in a class action lawsuit alleging that AMC printed more than the last five digits of credit or debit card numbers on customer receipts. The settlement will provide benefits to any class member who received an electronically printed receipt from an AMC theatre between December 4, 2006 and January 29, 2007 displaying the first four and last four digits of a credit or debit card number. The United States District Court for the Central District of California, The Honorable Jacqueline H. Nguyen, authorized this notice to inform class members of the proposed settlement and their options.

**Why Is There a Settlement?**

Both sides disagree on who is right and on what, if anything, can be won at trial. The Court did not decide which side is right. Instead, both sides agreed to a settlement to avoid the uncertainty and cost of a trial, and to provide benefits to class members.

AMC contends that no class member has sustained any harm as a result of the conduct alleged in the lawsuit. Moreover, Plaintiff has not alleged that he or any class members suffered any actual monetary injury, and Plaintiff and his attorneys are unaware of any actual monetary injury to any class member. Nonetheless, the settlement provides benefits to class members.

**What Does the Settlement Provide?**

The settlement requires AMC to provide 282,314 "Voucher Packets." Each Voucher Packet will contain four (4) vouchers. Each voucher will be redeemable for one (1) free small popcorn on a future visit to any AMC theatre. The vouchers will have no cash value and may not be redeemed for cash or other products. The original vouchers must be presented; copies will not be honored. The vouchers will contain no other restrictions, will be freely transferrable, and will not expire. Class members may submit a claim to receive one (1) Voucher Packet by mail. The claim form and details on how to submit a claim may be found at www.AMCTheatresSettlement.com. If any Voucher Packets are left over after distribution to claimants, then they will be distributed by AMC at the Automated Box Office machines located at certain theatres involved in the lawsuit. The complete list of theatres distributing Voucher Packets may be found at www.AMCTheatresSettlement.com. The distribution will begin no later than 45 days after the Settlement Date (as defined in the Settlement Agreement); will occur on a first-come, first-served basis; and will continue from day to day until all of the Voucher Packets have been distributed.

**Do I Need to Hire a Lawyer to Participate in the Settlement?**

No. The Court has appointed Gregory N. Karasik of the law firm Spiro Moss LLP in Los Angeles, California, to represent you and other class members as class counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Spiro Moss LLP will ask the court for an award of attorneys' fees and costs to be paid by AMC. You have the right to object to that request.

**What Are My Options?**

You do not need to do anything in order to remain in the settlement. But you also have the options of excluding yourself from the settlement or objecting to the settlement.

If you don't want to be legally bound by the settlement, you must exclude yourself by **[Opt-Out Deadline]**, or you won't be able to sue, or continue to sue, AMC about the legal claims in this case. If you exclude yourself, you can't get benefits from this settlement.

If you stay in the settlement, you may object to it by **[Opt-Out Deadline]**. You may also object to the request for attorneys' fees and costs by **[21 days before hearing date]**. Details on how to exclude yourself or object are found in the full class notice at www.AMCTheatresSettlement.com.

The Court will hold a hearing in this case on **[hearing date]** to consider whether to approve the settlement. You may ask to appear at the hearing, but you don't have to.

For more information, you can (1) visit the website www.AMCTheatresSettlement.com; (2) call Mr. Karasik's office at (310) 235-2468; or (3) write to Mr. Karasik at: Gregory N. Karasik; Spiro Moss LLP; 11377 West Olympic Blvd., Fifth Floor; Los Angeles, California 90064.

# COURT EXHIBIT B

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATEMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CV07-171 JHN (AJWx)<br><br>The Honorable Jacqueline H. Nguyen |

### CLASS ACTION SETTLEMENT NOTICE

### READ THIS NOTICE CAREFULLY.
### YOUR LEGAL RIGHTS MAY BE AFFECTED.

You may be entitled to benefits under the terms of this proposed class action settlement. Please read the rest of this notice to find out more.

### What Is the Case About?

This class action case alleges that AMC willfully violated the Fair and Accurate Credit Transactions Act by printing the first four and last four digits of credit and debit card numbers on electronically printed receipts between December 4, 2006 and January 29, 2007.

### What Is a Class Action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Class Representative in this case is Michael Bateman. United States District Judge Jacqueline H. Nguyen is in charge of this class action.

### Am I a Class Member?

You are a Class Member if you were provided with an electronically printed receipt by AMC between December 4, 2006 and January 29, 2007 that contains the first four and last four digits of your credit or debit card number.

### Why Is There a Settlement?

The Court did not decide in favor of either Plaintiff or AMC. Instead, both sides agreed to a settlement to avoid the uncertainty and cost of a trial, and to provide benefits to Class Members.

The Class Representative and Class Counsel believe the settlement is fair, adequate, reasonable and in the best interest of all Class Members.

AMC contends that no Class Member has sustained any harm as a result of the conduct alleged in the lawsuit. Moreover, Plaintiff has not alleged that he or any Class Members suffered any actual monetary injury, and Plaintiff and Class Counsel are unaware of any actual monetary injury to any Class Member. Nonetheless, the settlement provides benefits to Class Members.

## What Can I Get From the Settlement?

AMC will distribute 282,314 "Voucher Packets." Each Voucher Packet will contain four (4) vouchers. Each voucher will be redeemable for one (1) free small popcorn on a future visit to any AMC theatre. The vouchers will have no cash value and may not be redeemed for cash or other products. The original vouchers must be presented for redemption; copies will not be honored. The vouchers will contain no other restrictions, will be freely transferrable, and will not expire.

You may submit a claim to receive one (1) Voucher Packet by mail. The claim form may be found at either www.AMCTheatresSettlement.com or www.spiromoss.com. You must mail, fax or email the completed and signed claim form to:

Gregory N. Karasik, Esq.
SPIRO MOSS LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, California 90064
Fax: (310) 235-2456
Email: greg@spiromoss.com

The completed and signed claim form must be sent (which, in the case of mailing, means postmarked) by **[date]**, or it will not be accepted.

If any of the 282,314 Voucher Packets are left over after distribution to claimants, then they will be distributed by AMC at the Automated Box Office machines ("ABOs") located at certain theatres listed at the end of this notice. AMC will be required to distribute the Voucher Packets only at those theatres on the list that are operated by AMC on the date of distribution. The Voucher Packets will be automatically distributed to customers purchasing tickets at the ABOs at the Class Theatres. The distribution will begin no later than 45 days after the Settlement Date (as defined in the Settlement Agreement); will occur on a first-come, first-served basis; and will continue from day to day until all of the Voucher Packets have been distributed.

## What Do I Need to Do to Be Entitled to Get Settlement Benefits?

You do not need to do anything to remain in the Class and be entitled to receive benefits.

## What Am I Giving Up to Stay in the Class and Get Settlement Benefits?

Unless you exclude yourself, you will remain in the Class and will be bound by the terms of the settlement and all of the Court's orders. This means that you can't sue or be part of any other

300214677.2                                16

lawsuit against AMC about the issues in this case. Staying in the Class also means that you agree to the following release of claims, which describes exactly the legal claims that you give up:

**Release by the Settlement Class.** Plaintiff and each Class Member who does not timely opt out of the settlement fully release and discharge AMC and its predecessors, successors, parents, subsidiaries, and affiliates, as well as all of their respective officers, directors, members, shareholders, managers, employees, attorneys, and agents, from any and all known and unknown claims, actions, allegations, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, or causes of action of any kind or nature, known or unknown, arising out of the facts alleged in the Action or related to AMC's alleged violation of FACTA between December 4, 2006 and January 29, 2007.

**Release of Unknown Claims.** With respect to the releases set forth above, Plaintiff and each Settlement Class Member who does not timely opt out of the Settlement acknowledge and expressly waive any and all rights conferred by California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

With respect to the releases set forth above, Plaintiff and each Settlement Class Member who does not timely opt out of the Settlement also waive any and all rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code Section 1542. Plaintiff and each Settlement Class Member who does not timely opt out of the Settlement acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the Settlement Date. Nevertheless, Plaintiff and each Settlement Class Member who does not timely opt out of the Settlement waive all claims relating to such unknown or different facts with respect to the releases set forth above.

<u>Can I Exclude Myself From the Settlement?</u>

If you don't want to receive benefits from this settlement, but you want to keep the right to sue AMC on your own about the issues in this case, then you must take steps to exclude yourself from the settlement. To exclude yourself from the settlement, you must state your intent to exclude yourself in writing and send it to Class Counsel. Be sure to include your name, address, telephone number, and your signature. You must mail your Request for Exclusion, postmarked no later than **[Opt-Out Deadline]**, to:

Gregory N. Karasik, Esq.
SPIRO MOSS LLP
11377 West Olympic Blvd., Fifth Floor
Los Angeles, California 90064

If you request to be excluded from the settlement, then you will not get any settlement benefits, and you cannot object to the terms of the settlement. You will not be legally bound by anything that happens in this lawsuit.

### If I Don't Exclude Myself, Can I Sue the Defendant for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue AMC for the claims that this settlement resolves. If you have a pending lawsuit against AMC for the claims this settlement resolves, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **[Opt-Out Deadline]**.

### Do I Have a Lawyer in the Case?

The Court has appointed Gregory N. Karasik of the law firm of Spiro Moss LLP in Los Angeles, California, to represent you and other Class Members as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### How Will the Lawyers Be Paid?

Class Counsel will ask the Court to order AMC to pay their attorneys' fees and costs. AMC has the right to oppose that request. You also have the right to object to that request. The Court will determine what amount of attorneys' fees and costs, if any, to award to Class Counsel. Any attorneys' fees and costs awarded by the Court will be paid by AMC and will not in any way affect the settlement benefits that you are entitled to under the settlement.

### Will the Class Representative Be Paid?

Class Counsel will ask the Court to approve payment of $7,500 to Michael Bateman for his services as Class Representative. AMC will not oppose this request. The Court may award less than this amount. Any amount that the Court awards to Mr. Bateman will be paid by AMC and will not in any way affect the settlement benefits that you are entitled to under the settlement.

### How Do I Tell the Court That I Don't Like the Settlement or the Attorneys' Fees?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can also object to Class Counsel's application for an award of attorneys' fees and costs. You can give reasons why you think the Court should not approve either or both. The Court will consider your views. To object, you must send a letter saying that you object to the proposed settlement of *Bateman v. American Multi-Cinema., Inc.*, Case No. CV07-171 JHN (AJWx) or to the fee application in that case. Be sure to include your name, address, telephone number, and your signature, and the reasons why you object. You must mail the objection to all three of the places listed below. Objections to the settlement must be postmarked no later than **[Opt-Out**

**Deadline]**. Objections to the application for attorneys' fees and costs must be postmarked no later than **[21 days before fairness hearing]**.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court for the Hon. Jacqueline H. Nguyen U.S. District Court for the Central District of California 255 East Temple Street Courtroom 790 Los Angeles, California 90012 | Gregory N. Karasik, Esq. SPIRO MOSS LLP 11377 West Olympic Blvd. Fifth Floor Los Angeles, California 90064 | Robert H. Platt, Esq. Joseph E. Laska, Esq. MANATT, PHELPS & PHILLIPS, LLP 11355 West Olympic Blvd. Los Angeles, California 90064 |

### What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Fairness Hearing at **[time]** on **[date]**, at 255 East Temple Street, Los Angeles, California 90012, in Courtroom 790, before District Judge Jacqueline H. Nguyen. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. Class Counsel does not know how long these decisions will take.

### Do I Have to Come to the Hearing?

No. Class Counsel will answer any questions that the Judge may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### May I Speak at the Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Bateman v. American Multi-Cinema, Inc.*, Case No. CV07-171 JHN (AJWx)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[Opt-Out Deadline]**, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses listed above under the heading "How Do I Tell the Court That I Don't Like the Settlement or the Attorneys' Fees?" You cannot speak at the Fairness Hearing if you exclude yourself.

### What Happens if I Do Nothing At All?

If you do nothing, you will remain in the Class and be bound by the terms of the settlement and all of the Court's orders. You will be entitled to receive settlement benefits, but you will not be entitled to sue or be part of any other lawsuit against AMC about the issues in this case.

### Are There More Details About the Settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement through the Settlement Website, www.AMCTheatresSettlement.com.

### How Do I Get More Information?

You can get more information by (1) going to the Settlement Website, www.AMCTheatresSettlement.com; (2) sending a letter to Class Counsel, Gregory N. Karasik, at the address listed above under the heading "How Do I Tell the Court That I Don't Like the Settlement?"; or (3) calling Mr. Karasik at (310) 235-2468.


Dated: _____, 2011

/s/ The Honorable Jacqueline H. Nguyen
United States District Judge


**IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES TO CLASS COUNSEL IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLASS MEMBERS. PLEASE DO NOT CONTACT THE COURT.**

## EXHIBIT A

### THEATRES AT WHICH VOUCHER PACKETS WILL BE DISTRIBUTED

| UNIT NO. | UNIT NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 21040 | Orpheum 7 | 1538 3rd Ave | New York | NY | 10028 |
| 21100 | Village 7 | 66 3rd Ave | New York | NY | 10003 |
| 21200 | 34th Street 14 | 312 W 34th St | New York | NY | 10001 |
| 21400 | Stony Brook 17 | 2196 Nesconset Hwy | Stony Brook | NY | 11790 |
| 21410 | Nassau Metroplex 10 | 3585 Hempstead Tpke | Levittown | NY | 11756 |
| 21440 | Roosevelt Field 8 | 630 Old Country Rd | Garden City | NY | 11530 |
| 21460 | Raceway 10 | 1025 Corporate Dr | Westbury | NY | 11590 |
| 21510 | Fresh Meadows 7 | 19002 Horace Harding Expy | Fresh Meadows | NY | 11365 |
| 21580 | Fantasy 5 | 18 N Park Ave | Rockville Centre | NY | 11570 |
| 21620 | Shore 8 | 37 Wall St | Huntington | NY | 11743 |
| 21760 | Wayne 14 | 67 Willowbrook Blvd | Wayne | NJ | 07470 |
| 21940 | Cherry Hill 24 | 2121 Route 38 | Cherry Hill | NJ | 08002 |
| 21950 | Kips Bay 15 | 570 2nd Ave | New York | NY | 10016 |
| 21980 | Jersey Gardens 20 | 651 Kapkowski Rd | Elizabeth | NJ | 07201 |
| 22200 | New Brunswick 18 | 17 US Highway 1 | New Brunswick | NJ | 08901 |
| 22340 | Monmouth Mall 15 | 180 State Route 35 S | Eatontown | NJ | 07724 |
| 22390 | Layton Hills 9 | 728 W 1425 N | Layton | UT | 84041 |
| 22500 | Universal Cineplex 20 | 6000 Universal Blvd Ste 740 | Orlando | FL | 32819 |
| 23040 | MJ Harlem 9 | 2309 Frederick Douglass Blvd | New York | NY | 10027 |
| 23070 | MJ Capital Center 12 | 800 Shoppers Way | Largo | MD | 20774 |
| 23250 | Metreon 15 | 101 4th St | San Francisco | CA | 94103 |
| 24160 | Citywalk Stadium 18 | 100 Universal City Plz | Universal City | CA | 91608 |
| 24170 | Broadway 4 | 1441 3rd Street Promenade | Santa Monica | CA | 90401 |
| 24470 | Lakewood Mall 12 | 5721 Main St SW | Lakewood | WA | 98499 |
| 24480 | Cascade Mall 14 | 200 Cascade Mall Dr | Burlington | WA | 98233 |
| 24490 | Woodinville 12 | 17640 Garden Way NE | Woodinville | WA | 98072 |
| 25650 | 600 North Michigan 9 | 600 N Michigan Ave | Chicago | IL | 60611 |
| 25710 | Quarry 14 | 9201 W 63rd St | Hodgkins | IL | 60525 |
| 25850 | Woodridge 18 | 10000 Woodward Ave | Woodridge | IL | 60517 |
| 25870 | Waterfront 22 | 300 Waterfront Dr W | West Homestead | PA | 15120 |
| 25910 | Streets Of Woodfield 20 | 601 N Martingale Rd Ste 105 | Schaumburg | IL | 60173 |
| 25920 | Country Club Hills 16 | 4201 167th St | Country Club Hills | IL | 60478 |
| 26200 | Danbury 16 | 61 Eagle Rd | Danbury | CT | 06810 |
| 26280 | Plainville 20 | 220 New Britain Ave | Plainville | CT | 06062 |
| 26290 | Alderwood 16 | 18733 33rd Ave W | Lynnwood | WA | 98037 |
| 26540 | Georgetown 14 | 3111 K St NW | Washington | DC | 20007 |
| 26570 | Boston Common 19 | 175 Tremont St | Boston | MA | 02111 |
| 26600 | Methuen 20 | 90 Pleasant Valley St | Methuen | MA | 01844 |
| 26800 | Port Chester 14 | 40 Westchester Ave | Port Chester | NY | 10573 |
| 26980 | Foothills 15 | 7401 N La Cholla Blvd Ste 144 | Tucson | AZ | 85741-2329 |
| 27290 | Palisades Center 21 | 4403 Palisades Center Dr | West Nyack | NY | 10994 |
| 27440 | Galleria Metroplex 16 | 1 Galleria Drive | Middletown | NY | 10940 |
| 27580 | Harvard Square 5 | 10 Church St | Cambridge | MA | 02138 |
| 27670 | Uptown 1 | 3426 Connecticut Ave NW | Washington | DC | 20008 |
| 27770 | Rio Cinemas 18 | 9811 Washingtonian Blvd | Gaithersburg | MD | 20878 |
| 27900 | Liberty Tree Mall 20 | 100 Independence Way | Danvers | MA | 01923 |
| 27980 | Shirlington 7 | 2772 S Randolph St | Arlington | VA | 22206 |
| 28160 | Center Park 8 | 4001 Powder Mill Rd | Beltsville | MD | 20705 |
| 28170 | White Marsh 16 | 8141 Honeygo Blvd | Baltimore | MD | 21236 |
| 29040 | John R 15 | 32289 John R Rd | Madison Heights | MI | 48071 |
| 29050 | Gratiot 21 | 35705 S Gratiot Ave | Clinton Township | MI | 48035 |
| 29070 | Holland 8 | 12270 James St | Holland | MI | 49424-8613 |
| 29080 | Grand Rapids 18 | 3000 Alpine Ave NW | Walker | MI | 49544-2329 |
| 29090 | Southfield 20 | 25333 W 12 Mile Rd | Southfield | MI | 48034 |
| 29110 | Great Lakes 25 | 4300 Baldwin Rd | Auburn Hills | MI | 48326 |
| 29120 | Fairlane 21 | 18900 Michigan Ave | Dearborn | MI | 48126 |

# COURT EXHIBIT C

## WWW.AMCTHEATRES.COM WEBSITE NOTICE

LEGAL NOTICE: If you used a credit or debit card at an AMC theatre between December 4, 2006 and January 29, 2007, and you received an electronically printed receipt from AMC at the point of sale or transaction displaying the first four and last four digits of the cardholder's credit or debit card number, then you may be entitled to benefits as part of a class action settlement. For more information, click here [HYPERLINK TO www.AMCTheatresSettlement.com].

# COURT EXHIBIT D

## CLAIM FORM

You are entitled to receive one (1) Voucher Packet by mail **only if** you are a member of the settlement class, which means that between December 4, 2006 and January 29, 2007, you purchased one or more movie tickets from an Automated Box Office ("ABO") machine at an AMC theatre and received an electronically-printed receipt displaying the first four and last four digits of your credit or debit card number. If you believe that you are a member of the settlement class, then please follow the instructions below. You may make only one claim regardless of how many receipts you received between December 4, 2006 and January 29, 2007.

To receive your one (1) Voucher Packet through the mail, **you must email, fax or mail this completed and signed Claim Form no later than [Month] [Day], 2011.** You may email the Claim Form to greg@spiromoss.com, fax it to (310) 235-2456, or mail it to:

> AMC Settlement
> c/o Gregory N. Karasik, Esq.
> SPIRO MOSS LLP
> 11377 West Olympic Blvd.
> Los Angeles, CA 90064

If you choose to mail the Claim Form, it must be postmarked by **[Month] [Day], 2011.**

## Your Name and Address

Please clearly print or type your information in the spaces below:

Name:_____

Street Address:_____

City:_____  State:_____  Zip Code:_____

Phone Number:_____  E-mail Address (Optional):_____

**Your information will be used for the purpose of distributing Voucher Packets only and will not be used for marketing or any other purpose.**

## Declaration and Signature

I declare under penalty of perjury that I am a member of the settlement class because, to the best of my recollection, I purchased one or more movie tickets from an ABO machine at an AMC theatre between December 4, 2006 and January 29, 2007 and received an electronically-printed receipt displaying the first four and last four digits of my credit or debit card number.

Signed: _____  Date: _____