Gregory N. Karasik (SBN 115834)
greg@karasiklawfirm.com
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582

Dennis F. Moss (SBN 77512)
dennisfmoss@yahoo.com
**Spiro Moss LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel.: (310) 235-2468
Fax: (310) 235-2456

Attorneys for Plaintiff
MICHAEL BATEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BATEMAN, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN MULTI-CINEMA, INC.; and DOES 1-10.<br><br>Defendants. | Case No. CV 07-00171 JHN AJWx<br><br>CLASS ACTION<br><br>**NOTICE OF APPEAL;**<br>**REPRESENTATION STATEMENT** |

Notice is hereby given that Michael Bateman, plaintiff in the above named case, hereby appeals to the United States Court of Appeal for the Ninth Circuit from the Order Granting in Part Plaintiff's Motion for Attorney's fees entered in this action on October 11, 2011 (true and correct copy attached hereto as Exhibit 1).

Dated: November 8, 2011                    KARASIK LAW FIRM

                             By    /s/ Gregory N. Karasik
                                   Gregory N. Karasik
                                   Attorneys for Plaintiff

1
NOTICE OF APPEAL

# REPRESENTATION STATEMENT

Plaintiff/Appellant            Michael Bateman

Defendant/Appellee          American Multi-Cinema, Inc.

Counsel for Plaintiff/Appellant

Gregory N. Karasik
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel: (310) 312-6800
Fax: (310) 943-2582

Dennis F. Moss
**Spiro Moss LLP**
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
Tel: (310) 235-2468
Fax: (310) 235-2456

Counsel for Defendant/Appellee

Robert H. Platt
Joseph E. Laska
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Blvd.
Los Angeles, CA 90064-1614
Tel: (310) 312-4000
Fax: (310) 312-4224

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:07-cv-00171-JHN-AJWx | Date | October 11, 2011 |
|---|---|---|---|
| Title | Bateman v. American Multi-Cinema, Inc. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (In Chambers)

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees, Costs, and Enhancement Payment, filed on June 27, 2011. (Docket no. 88.) The Court has considered the pleadings and materials submitted in this matter, and for the reasons contained herein **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff brought this action for violations of the Fair and Accurate Credit Transactions Act ("FACTA") on January 5, 2007. The Court approved a preliminary settlement on March 22, 2011. (Docket no. 85.)

The preliminary settlement requires Defendant to distribute 282,314 voucher packets at specified movie theaters. (Pl.'s Mot. 2.) Defendant will distribute all vouchers until they run out. (*See id.*) The packets contain four vouchers that can each be redeemed for a small popcorn. The current retail price of a small bag of popcorn is $5.75, and each voucher packet thus has a current retail value of $23.00. (*Id.*) The total current retail value of the settlement is $6,493,222. (*Id.*)

## III. LEGAL STANDARD

"Attorney's fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:07-cv-00171-JHN-AJWx | Date | October 11, 2011 |
|---|---|---|---|
| Title | Bateman v. American Multi-Cinema, Inc. | | |

settlement is fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). "A district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.*

## IV. DISCUSSION

Under FACTA, the prevailing party is entitled to "reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681(n). The parties also stipulate that this class action is subject to the Class Action Fairness Act ("CAFA"). (Docket no. 98.) Under CAFA, courts can calculate attorneys fees under either a percentage method or the lodestar method. *See* 28 U.S.C. § 1712(a)–(b).

### A. The Preliminary Settlement Is a Coupon Settlement, Not a Common Fund Settlement

Plaintiff argues that this is not a coupon settlement, whereas Defendant argues that it is a coupon settlement. CAFA does not define the terms "coupon" or "coupon settlement." *See* 28 U.S.C. § 1711, *et seq*. However, the legislative history suggests that voucher-based settlements should be analyzed as coupon settlements. *See* 109 S. Rpt. 14 (2005); *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 112459, at *10–*11 (N.D. Cal. August 6, 2008). Several cases creating a voucher-based settlement were cited in the Senate Judiciary Committee report. *See* 109 S. Rpt. 14 (2005).

Under "regular common fund procedures, the parties settle for the total amount of the common fund and shift the fund to the court's supervision." *Staton v. Boeing Co.*, 327 F.3d 938, 969 (9th Cir. 2003); *see also Strong v. Bell S. Telecomms., Inc.*, 137 F.3d 844, 852 (5th Cir. 1998) (concluding the case was not a common fund case because no money was paid into escrow or another account).

Here, Plaintiff argues that this is not a coupon settlement because class members are not required to spend money to realize the settlement benefit. Although Plaintiff is correct that class members do not have to spend money to obtain free popcorn through the settlement, a substantial majority of class members would have to purchase a movie ticket before obtaining their voucher. Thus, it is consistent with the intent of the legislature, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:07-cv-00171-JHN-AJWx | Date | October 11, 2011 |
| Title | Bateman v. American Multi-Cinema, Inc. | | |

reflected in the Senate Report, to treat this as a coupon settlement.

Moreover, the settlement agreement is distinguishable from a common fund settlement because it involves no cash payments distributed from an aggregate settlement. Given that no common fund was created, this settlement is more similar to a coupon settlement. Thus, the Court will analyze this matter as a coupon settlement under CAFA.

## B. Calculating Attorney's Fees in a Coupon Settlement

CAFA "specifies the methods for calculating attorneys' fees in class settlements in which coupons constitute all or part of the relief afforded to claimants." 109 S. Rpt. 14 (2005). CAFA provides for attorney's fees calculated either as a percentage of the recovery or based on a lodestar calculation. 28 U.S.C. § 1712(a)–(b). Thus, under CAFA, attorney's fees in a coupon settlement are limited to either a percentage-based fee or a lodestar calculation. *See* 28 U.S.C. § 1712(a). Here, the Court believes it is appropriate to use the lodestar calculation because the result is more commensurate with the value of the coupons to the putative class members.[1] *See* 20 U.S.C. § 1712(a).

## C. Calculating Attorney's Fees Using the Lodestar

In a lodestar calculation, the court multiplies the hours billed by counsel by the prevailing market rate in the relevant community. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010). "There is a strong presumption that the lodestar is sufficient." *Id.* at 1669. Adjustments are allowed in rare or exceptional circumstances. *Id.* at 1667–68. Factors for determining a fee's reasonableness that are already included in the lodestar include the novelty and complexity of the matter, special skill or experience of counsel, the quality of representation, and whether the case was taken on a contingent fee basis. *Id.* at 1667; *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.2 (9th Cir. 1996). A court can impose a small reduction of ten percent—a haircut—without a more specific explanation.

---

[1] One objection to Plaintiff's fee request was received from a class member. First, it is unlikely that the objector is a class member. But even if the Court were to consider the objection, it is overruled because the overall terms of the settlement are fair, adequate and reasonable. Moreover, the Court is denying the request for attorney's fees in the amount requested by Plaintiff, which is excessive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:07-cv-00171-JHN-AJWx | Date | October 11, 2011 |
|---|---|---|---|
| Title | Bateman v. American Multi-Cinema, Inc. | | |

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Class Counsel argues that based on his lodestar, he should be awarded attorney's fees of $301,630. According to Class Counsel, he worked 430.9 hours on this matter. (Karasik Supp'l Decl. ¶ 2.) Class Counsel has more than twenty years of litigation experience, and has worked at several law firms in Los Angeles. (*Id.* ¶ 2.) Class Counsel bills at a rate of $700/hour for the purposes of a lodestar calculation, consistent with the rate for an attorney of Class Counsel's experience on the Laffey Matrix. (*Id.* ¶¶ 3, 13.) Defendant contests Plaintiff's hours billed, arguing that 29.6 hours are insufficiently documented. (Def.'s Opp'n 16.) The Court agrees that these hours were insufficiently documented and calculates the lodestar figures based on 401.3 hours at a rate of $700/hour, or $280,910.

Class Counsel argues for a multiplier of 4.6 based on the quality of representation, benefit received, complexity and novelty of the matter, and risk of nonpayment. Despite Class Counsel's having negotiated a successful settlement, the factors cited are already subsumed into the lodestar calculation. The issues in this case are not complex. Further, while Plaintiff did successfully appeal, the case was stayed during the pendency of the appeal and, thus, no substantial litigation occurred in the district court prior to settlement. The Court does not believe that this case presents rare or exceptional circumstances justifying a multiplier. *See Perdue*, 130 S. Ct. at 1669. Thus, the Court finds that an award of $280,910 in attorney's fees is fair, adequate, and reasonable.[2]

**D. Costs and Enhancement Payment**

Plaintiff requests $19,675.65 in costs, and an enhancement payment of $7,500 to named plaintiff Bateman. Of the costs, $7,500 was for publicizing the settlement on the Top Class Action website. However, this advertisement was not included in the settlement agreement. (Def.'s Opp'n 25.) Defendant opposes this charge for costs as it goes beyond

---

[2] Recently, in another case involving identical issues, Class Counsel sought and the Court approved $106,000 in attorney's fees. *See Jarchafjian v. American Multi-Cineman, Inc., et al.*, 2:09-cv-03434-JHN-AJW. The fees awarded in this case reflects the fact that Class Counsel here did substantially more work. However, the amount requested by Class Counsel, over $1.3 million, would be grossly disproportionate both in terms of the value to the class members and the fees in *Jarchafjian*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:07-cv-00171-JHN-AJWx | Date | October 11, 2011 |
|---|---|---|---|
| Title | Bateman v. American Multi-Cinema, Inc. | | |

the settlement agreement. Since the additional advertising costs were not included in the settlement, Class Counsel's request for reimbursement for those ads is denied.

The remainder of the request for costs and an enhancement payment is unopposed. As the amount requested is reasonable, the Court grants $12,175.65 in costs and a $7,500 enhancement payment to Plaintiff.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's request for attorney's fees is GRANTED IN PART and DENIED IN PART. Class Counsel is awarded attorney's fees in the amount of $$280,910 and costs in the amount of $12,175.65. Plaintiff is awarded a $7,500 enhancement payment.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |